CELLAIRIS FRANCHISE, INC. and Global Cellular, Inc., Plaintiffs,

v.

Michael DUARTE, Defendant.

CIVIL ACTION NO. 2:15-cv-00101-WCO

United States District Court, N.D. Georgia, Gainesville Division.

Signed 06/21/2016

---

Jared C. Miller, Ronald Thomas Coleman, Jr., Katrina Leigh Hodges, Parker, Hudson, Rainer & Dobbs, LLP, Atlanta, GA, for Plaintiffs.

Alejandro Brito, Beshoy Rizk, Zarco, Einhorn, Salkowski & Brito, P.A., Miami, FL, J. Douglas Stewart, Sr., Mark William Alexander, Stewart Melvin & Frost, Gainesville, GA, for Defendant.

## ORDER

William C. O'Kelley, Senior United States District Judge

### I. Introduction

The captioned case is before the court for consideration of defendant Michael Duarte's ("Duarte") motion to quash or, in the alternative, modify third-party subpoenas [54]. Specifically, defendant attacks plaintiffs' subpoenas directed at (1) Simon Properties, (2) General Growth Properties, (3) Tabuman, (4) Macerich, (5) Peace Electronic Corporation, (6) Starwood Properties, and (7) Uzeyir Tari. Plaintiffs Cellairis Franchise, Inc. ("Cellairis") and Global Cellular, Inc. ("Global") respond [55] that they have already obtained evidence suggesting additional non-compete and non-disclosure violations by Duarte and that they seek these subpoenas to corroborate said violations.

The underlying facts of the case are set forth in detail in the order of this court dated October 21, 2015, and are briefly summarized here.

### II. General Facts and Procedural History

Plaintiffs Cellairis and Global filed this action seeking preliminary and permanent injunctive relief against defendant Michael Duarte for alleged breaches of restrictive covenants in a franchise agreement. In May 2013, a company partially owned by Duarte, Mobile Mania LLC, entered a franchise agreement ("2013 franchise agreement") to establish one of plaintiffs' business units at Boise Mall in Boise, Idaho. Defendant Duarte—who also served as an officer, employee, and contractor at various times for plaintiffs—personally guaranteed the agreement as a franchisor. Plaintiffs sell wireless device accessories and provide wireless device repair services at kiosks and retail outlets around the world. In his work with plaintiffs, defendant was primarily responsible for seeking out and negotiating leases of favorable retail spaces. Eventually, the relationship deteriorated, and Duarte parted ways with plaintiffs. At that time, he represented an intent to become involved in solar energy and to stop working in the mobile device industry.

Plaintiffs later learned, however, that Duarte was allegedly working with several competing businesses, including cellular device repair and accessory companies called "Quick Fix" and "Fix Color & More." Moreover, it appears that Duarte may have been in contact with mall leasing agents to open competing wireless device repair stores and attended a major leasing conference in Las Vegas, Nevada, to meet with major operators for this purpose.

In its order dated October 21, 2015, the court granted plaintiffs' motion for a preliminary injunction and enjoined defendant from violating the restrictive covenants contained in the 2013 franchise agreement. Plaintiffs have since subpoenaed documents from various third-parties with which they suspect defendant breached covenants of his franchise agreement. On March 11, 2016, defendant filed a motion to quash these subpoenas.

### III. Motion to Quash

Defendant raises several grounds for his motion to quash. First, Duarte argues that the subpoenas are overly broad on their faces and that they should be quashed or modified to prevent disclosure of confiden-

tial business and proprietary information that would harm his employment prospects or otherwise provide plaintiffs with a competitive advantage. *Id.* at 4–5. Second, defendant argues that information sought by plaintiffs would constitute protected commercial information under Federal Rule of Civil Procedure 45. *Id.*; *see also* FED. R. CIV. P. 45(d)(3)(B)(i). Third, he contends that the confidential commercial information sought by plaintiffs is irrelevant and unfairly competitive by virtue of its including all mall operators, even those outside of the wireless accessories and repair industry. *Id.* at 5–6. As a compromise, defendant seeks a modification of the subpoenas to cover only operators in the wireless accessory and repair industry and to limit disclosures to outside counsel. *Id.* at 9–10.

Plaintiffs respond by attacking defendant's standing to challenge third-party subpoenas. (Pl.'s Resp. to Mot. to Quash 8–10, ECF No. 55.) Specifically, they assert that defendant's characterization of confidential information, or lack thereof, is insufficient to state a personal interest or privilege under Federal Rule 45. *Id.* at 12–13. Plaintiffs also challenge defendant's motion for failing to object specifically to any one of the documents requested. *Id.* at 11–12. Even if defendant had standing, plaintiffs argue, privacy claims by him would also be outweighed by the pursuit of highly relevant evidence to a central issue in this case—defendant's purported violations of the 2013 franchise agreement. *Id.* at 16. If necessary, it appears that plaintiffs would agree to a protective order on these disclosures.

As a threshold matter, the court must determine whether defendant has standing to attack subpoenas issued to mall operators, leasing agents, and other non-parties requesting evidence of his communications about leasing opportunities. *See Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir.1979). A party does not have standing to quash a subpoena served on a third party unless the party alleges a "personal right or privilege with respect to the materials subpoenaed." *Brown,* 595 F.2d at 967; *see also Bahrami v. Maxie Price Chevrolet–Oldsmobile, Inc.,* No. 1:11–cv–4483–SCJ–AJB, 2013 WL 3800336, at *2 (N.D.Ga. June 19, 2013); *Stevenson v. Stanley Bostitch,* 201 F.R.D. 551, 555 n. 3 (N.D.Ga.2001). *Contra Fadalla v. Life Automobile Prods., Inc.,* 258 F.R.D. 501 (M.D.Fla.2007) (non-party filing motion to quash subpoenas *duces tecum* that requested information about products supplied by plaintiff in violation of a non-compete and non-solicitation clause of his employment contract).

Courts have found a "personal right" to subpoenaed materials in limited circumstances, including personal bank records, previous employment, social networking accounts, and webmail inboxes. *See Crispin v. Christian Audigier, Inc.,* 717 F.Supp.2d 965 (C.D.Cal.2010) (listing cases). On the other hand, the term "privileged" refers to protections afforded by the rules of evidence, including attorney-client and others. *See Stevenson,* 201 F.R.D. at 555 (citation omitted); *Floyd v. Suntrust Banks, Inc.,* No. 1:10–CV–2620–RWS, 2011 WL 2604818, at *1–2 (N.D.Ga. June 30, 2011).

The pending motion does not satisfy either category of protection. Defendant has not alleged any privilege at issue. And regarding "personal interest," defendant contends merely that the requested communications are "sensitive, confidential and proprietary." (Def.'s Reply Br. 5, ECF No. 58.) Yet, courts in this circuit have held, and this court agrees, that "that contention, without more, is not enough to give rise to standing." *See In re Rum Marketing Int'l, Ltd.,* No. 07–21466–MC, 2007 WL 2702206, at *4 (S.D.Fla. Sept. 14, 2007) (citation omitted).

In an attempt to dilute this standard, defendant cites to *Woods v. Fresenius*

*Medical Care Group of North America* for requiring merely a "legitimate interest" in the documents requested. *See* No. 1:06–cv–1804–RLY–WTL, 2008 WL 151836, at *1 (S.D.Ind. Jan. 16, 2008). Defendant's argument is unsuccessful. The court in *Woods* simply applied the personal interest standard to the familiar context of employment records. *Id.* Any differences in phraseology do not dampen the requirement. The court recognized that plaintiff had a legitimate interest in protecting her employment records and thus had standing to challenge defendant's subpoenas. *Id.*

Here, plaintiffs served all of the challenged subpoenas on the third parties, none of which have objected to producing the records. Thus, defendant would have standing to challenge the subpoenas only if he had alleged a personal right or privilege with respect to the documents; defendant's motion to quash fails to do so. Thus, having failed to allege a personal right or privilege, defendant lacks standing to raise the merits of his motion to quash subpoenas. Because defendant lacks standing, the court denies defendant's motion to quash.

## IV. Conclusion

For the foregoing reasons, defendant's motion to quash or modify third-party subpoenas [54] is hereby **DENIED**.

IT IS SO ORDERED, this 21st day of June, 2016.